IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. SEBASTIAN, SR. | * | |
|    Plaintiff | * | CIVIL ACTION NO. _____ |
| | | (Consolidation of Civil Action No. 02-3743 |
| v. | * | and Civil Action No. 02-3745) |
| JAMES M. SEBASTIAN, JR. | * | |
|    Defendant | * | |

\*      \*      \*      \*      \*      \*      \*

**MEMORANDUM IN SUPPORT OF MOTION
TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42**

James M. Sebastian, Jr., by his undersigned counsel, files this Memorandum in support of his Motion pursuant to Fed. R. Civ. P. 42 to consolidate the following cases pending before this Court:

1.   *James M. Sebastian, Sr. v. James M. Sebastian, Jr.*, Civil Action No.: 02-3743, removed from the Chester County Court of Common Pleas on June 12, 2002 (the "Life Insurance Action");

2.   *James M. Sebastian, Sr. v. James M. Sebastian, Jr.*, Civil Action No.: 02-3745, removed from the Chester County Court of Common Pleas on June 12, 2002 (the "Fiduciary Duty Action").

Plaintiff's counsel previously told Defendant's counsel that he would agree to sign a joint motion to consolidate these two actions. Defendant's counsel prepared, signed and forwarded to Plaintiff's counsel a joint motion to consolidate on August 9, 2002. Defendant's counsel has since telephoned Plaintiff's counsel twice to remind him and inquire as to whether he would sign the joint motion. To date, Defendant's counsel has neither returned the signed joint motion to

Defendant's counsel for filing, nor has he filed it with the Court himself. Consequently, Defendant brings this unilateral Motion to the Court's attention at this time.

## I.   SUMMARY OF ARGUMENT

Consolidation of the Life Insurance Action and the Fiduciary Duty Action is proper because the parties to the two actions are the same two individuals, and each action involves common question of law and fact concerning alleged duties owed by the Defendant to the Plaintiff under an alleged agreement for Defendant to assume Plaintiff's financial responsibilities. Consolidation is also appropriate in this case where Plaintiff has clearly, and repeatedly, stated his malicious intent to cause Defendant as much expense and delay as possible by filing two separate actions, along with a third suit threatened in Maryland, in clear contravention of the rationale for consolidating cases. By consolidating the two actions, the Court will conserve its own judicial resources, time and expense for both parties, and will avoid being used as a tool to further Plaintiff's own improper motives.

## II.   ALLEGATIONS COMMON TO BOTH ACTIONS

Plaintiff in both actions is the Defendant's father. Both actions concern common allegations regarding an alleged agreement between the parties whereby Defendant would manage Plaintiff's financial affairs, and both actions revolve around the management of four life insurance policies originally purchased by Plaintiff, but whose ownership was later transferred to Defendant.

In the Life Insurance Action, Plaintiff alleges Defendant assumed Plaintiff's financial responsibilities after Plaintiff was diagnosed with a serious mental illness, for which Defendant was paid $52,000 annual compensation.  (¶¶ 5, 6, 7).  Plaintiff alleges he and the Defendant

agreed that four life insurance policies, previously purchased by the Plaintiff and altogether worth $5 million, would be transferred into Defendant's name and care, and that Defendant was obliged to maintain the policies by promptly paying premiums until the Plaintiff's condition stabilized, or until he passed away. (¶¶ 3, 8)  Plaintiff alleges that his mental illness has stabilized, and that Defendant has refused to return the policies and stated his intention to never return the policies. (¶¶ 10, 11, 12).

Plaintiff alleges in the Fiduciary Duty Action certain facts identical to those alleged in the Life Insurance Action, making it abundantly clear the two actions are related.  Plaintiff alleges that Defendant assumed Plaintiff's financial responsibilities after Plaintiff was diagnosed with a serious mental illness, for which Defendant was paid $52,000 annual compensation. (¶¶ 3, 4). Plaintiff alleges that he purchased four life insurance policies altogether worth $5 million. (¶¶ 10, 11).  Defendant allegedly owed Plaintiff a fiduciary duty of care, and Defendant allegedly breached his fiduciary duty toward Plaintiff by unnecessarily paying $35,000 in insurance premiums that would be waived in the event of Plaintiff's mental disability, and by allegedly failing to obtain $225,000 in Social Security disability income benefits owed to Plaintiff and Plaintiff's three minor children as a consequence of Plaintiff's mental disability. (¶¶ 5-8, 11-13).

**III.   PLAINTIFF'S MALICIOUS PURPOSES IN FILING SEPARATE ACTIONS**

Plaintiff has left Defendant numerous telephone messages, and written to Defendant, detailing and explicitly stating his intent to harass Defendant by filing the two actions pending before this Court.  Plaintiff has also threatened to file a third law suit against the Defendant in Anne Arundel County, Maryland, related to real property in that county, as a further means of harassing Defendant.

On February 21, 2002, nearly three months prior to filing his two complaints in the Court of Common Pleas in Chester County, Plaintiff telephoned Defendant to harass him, leaving a message referring to three threatened lawsuits, and stating in part:

> Gonna keep you in the court system for about six and half to seven years, or until you and your wife come up here and say, 'I'm sorry, Dad.' . . . And if it takes six to eight years, it doesn't bother me, son . . . . Can't wait to see you in depositions. I'm the one that can stop the lawsuits. Your father-in-law and mother-in-law will pay and pay for as long as I fucking want them to! My lawyers are on contingency. They work for free . . . until the case is settled. We don't give a shit how long! I'll break you all! . . . And when I knock you out in Maryland, you're coming to Pennsylvania! And I knock you out in Pennsylvania, you're gonna take the third lawsuit! And I'm gonna knock you out there!

Exhibit A, attached, is a true and correct transcription of the message.

Similarly, less than a week later on February 27, 2002, Plaintiff wrote to Defendant, gloating over the desired consequences of filing his complaints:

> It then takes about two years figuring no unforeseen delays to get the case before judge . . . . All along your buddy is paying $250. For your legal fee. The Plaintiff can stop the action at any point. The Defendant (you) are required to sit there and keep your mouth shut until I tell you to leave . . . . Unfortunately since I've been judged 100% disabled . . . their [sic] may [be] times when I have to miss meetings at the last 1 minutes [sic] forcing your [sic] to pay for your attorneys wasted time . . . . You see I intent [sic] to accomplish 3 agendas on 3 different lawsuits all within 48 months . . . . [including] III. I intent [sic] to make Melinda [the Defendant's wife] father go deep into his pocket to pay your bills. Deep enough to teach him to stay out of my business . . . . I genuinely don't care what happens to your marriage. I don't care what this cost [sic] your in laws. It's my intention to irritate, annoy cause infighting and in general fuck up every ones lives with 1 suit in Md 2 suits in Pa I have 6 - 8 years to do my damnest [sic] You'll be roughly 40 when I'll be finished slapping some manners on you . . . . Weather [sic] you see it or not for your future health I've got to stop this behavior or Mrs. Sebastian Jr. is going to be wearing black. There are people out their [sic] who don't go to court . . . .

Exhibit B.

On April 10, 2002, Plaintiff left Defendant a harassing telephone message, referring to the three threatened lawsuits, and stating in part:

> 2:30 Monday afternoon I signed three complaints which'll turn into three lawsuits -- two in West Chester, one in Annapolis. . . . . Anyway, you have to defend three at once. That's why I [unknown word] a little time to get . . . [unknown word] all three at the same time. Makes it a little more interesting. And two of them will be up here . . . . Handling three major lawsuits at once? . . . It just might be a burden on your marriage, and the peace [unknown word] your marriage brings to you . . . . The last $250,000 will come as a surprise. And it's a good one. I thought it up myself . . . . You wanna go head on head with me . . . come on! I'm bored. And I have nothing to lose . . . . I even told the lawyers carry you a few rounds, just so I can crack you open. . . crack your ribs a few times . . . . They said, 'OK, you're paying for it.'

Exhibit C.

On May 13, 2002, Defendant received from Plaintiff an undated letter accompanying draft copies of the complaints later filed in the Court of Common Pleas, Chester County, and now removed before this Court. Plaintiff also included a draft copy of a third complaint, as yet unfiled in the Circuit Court for Anne Arundel County, Maryland. In a handwritten cover letter Plaintiff refers to the three threatened lawsuits and high-lights the purposeful inconvenience he hoped to cause by proceeding with three duplicative lawsuits:

> The 3 clocks are ticking simultaneously. Nice touch I thought! . . . . You're about to dance to my tune 3 courtrooms, 3 witness stands, 3 juries and Melindas [sic] father paying for it . . . . One of my lawyers last depositions was 178 pages. OH! by the way your lawyer will be there so you'll be paying. Smile!

Exhibit D.

Exhibits A through D, along with other documents, were previously produced to Plaintiff, pursuant to Federal Rule of Civil Procedure 26(a)(1), on August 9, 2002.

5

**IV.    ARGUMENT**

Rule 42 (a) of the Federal Rules of Civil Procedure provides:

> [w]hen actions involving a common question of law or fact are pending before a court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This rule gives the Court broad discretion to determine whether consolidation is an appropriate means of facilitating justice in a particular case. *Ellerman Lines Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675-76 (3d Cir. 1964), *cert. denied*, 382 U.S. 812 (1965). The Court should weigh factors of judicial economy against the possibility of an imposition on the parties' rights to a fair and impartial trial. *Richardson v. U.S. Airways Group, Inc.*, 2001 U.S. Dist. LEXIS 10532, at *4 (E.D. Pa. July 16, 2001). ""[A]ctions involving the same parties are apt candidates for consolidation."" *Heck v. Frame*, 1992 U.S. Dist. LEXIS 13779, at *8 (E.D. Pa. Sept. 10, 1992), *quoting Hanes Companies, Inc. v. Ronson*, 712 F. Supp. 1223, 1230 (M.D.N.C. 1988), *quoting* 9. C. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2384, p. 263 (1971).

The parties to the actions in this case are the same. In both actions, Plaintiff has alleged that he and Defendant reached an agreement by which Defendant agreed to assume Plaintiff's financial responsibilities after Defendant was diagnosed with a mental disability. Plaintiff alleges in each action that he purchased the same four life insurance policies at issue, and that Defendant has breached his assumed duties in regards to these life insurance policies by his conduct.

The nature, extent, and duration of Plaintiff's alleged mental illness, and the formation, scope, and duration of the alleged agreement by which Defendant allegedly assumed Plaintiff's financial responsibilities are and will be common issues to be determined in each action. Factual

6

questions regarding the four life insurance policies in question will also pervade each action. The Life Insurance Action and the Fiduciary Duty Action thus both arise from the same alleged factual circumstances, and involve common questions of law and fact.  Each action is brought by the same Plaintiff, complaining of related injuries allegedly caused by the same individual Defendant.

There are no legal grounds weighing against consolidation in the two cited cases now pending before this Court.  Whereas "[c]ourts counsel against the consolidation of two or more causes of action when the respective plaintiffs have individualized backgrounds and experiences or when one plaintiff asserts legal theories not advanced by the other," *Richardson*, 2001 U.S. Dist. LEXIS 10532, at *4, no such consideration exists here where there is but one individual plaintiff.  Likewise, consolidating the Life Insurance and Fiduciary Duty Actions will not produce "an unreasonably complicated trial that would prejudice the rights of the various defendants," *Id*. at *5, since the same witnesses can be expected to testify in both actions and both causes of action may depend upon proof of the same facts.  Neither party will suffer any prejudice from the two actions being consolidated in this case.

Setting aside any potential merit, or lack thereof, that Plaintiff's lawsuits may have, Plaintiff's stated intentions in filing separate actions in Pennsylvania, in concert with a third threatened Maryland suit, are an additional reason to consolidate the now-pending cases.  Rule 42(a) exists "to avoid unnecessary costs or delay."  Plaintiff could not be more explicit in his intention to cause Defendant unnecessary costs and delay by virtue of filing these two separate actions, along with the threatened Maryland action.  Plaintiff's motives are shameful and should not be condoned by this Court, especially when Plaintiff would use the procedural rules and mechanisms of the Court to further his malicious and improper goals.

7

The cases should also be consolidated to conserve judicial resources and promote the efficient administration justice. Undoubtedly time and effort on part of the Court will be saved if the actions are consolidated. Consolidation will also be beneficial for the witnesses and decrease the relative expenses for all involved. Finally, it does not appear that any disadvantages will result from the consolidation.

**V.    CONCLUSION**

Under all the circumstances, the substantial savings in time, effort and expense that will result from a trial of the common questions of fact and law, this Court should order, for discovery, trial, and all other purposes, the consolidation of:

1.    *James M. Sebastian, Sr. v. James M. Sebastian, Jr.*, Civil Action No.: 02-3743, removed from the Chester County Court of Common Pleas on June 12, 2002 (the "Life Insurance Action");

2.    *James M. Sebastian, Sr. v. James M. Sebastian, Jr.*, Civil Action No.: 02-3745, removed from the Chester County Court of Common Pleas on June 12, 2002 (the "Fiduciary Duty Action").

Respectfully submitted,

John F. Morkan III, Pro Hac Vice
Eric M. Veit, Pro Hac Vice
Ober, Kaler, Grimes & Shriver
 A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
(410) 547-0699 (Fax)

8

        Earl T. Britt
        Britt, Hankins, Schaible & Moughan
        633 West Germantown Pike, Suite 202
        Plymouth Meeting, Pennsylvania  19462-1032
        Phone:  (610) 832-9339
        Fax:  (610) 832-9342


        Attorneys for Defendant James M. Sebastian, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September, 2002, a copy of the foregoing Motion to Consolidate, Memorandum in Support thereof and proposed Order were mailed, postage prepaid, to:

>Peter J. McHugh, Esquire
>Brown, Mayhart, Martin & Schindler
>128 Commons Court
>Commons at Chadds Ford
>P.O. Box 1539
>Chadds Ford, PA  19317

_____
Eric M. Veit

699713.1